IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**CATHY MCCULLOUGH**                                                                                **PLAINTIFF**

**V.**                                                                **CAUSE NO. 3:20-CV-290-CWR-FKB**

**PREFERRED CARE DEVELOPMENTAL**                           **DEFENDANT**
**CENTERS OF MISSISSIPPI, INC.,** *also*
*known as* **Canton Manor Developmental**
**Center**

## ORDER

Before the Court are the defendant's motion for summary judgment and the plaintiff's motion for a hearing. Docket Nos. 44 & 48. On review, the motion for summary judgment will be granted in part and denied in part, and the motion for a hearing will be denied.

The parties have thoroughly briefed the facts and applicable law, so the Court will get right to the point.

At the outset, the plaintiff's brief fails to address her claims for national origin and age discrimination. They must be dismissed as abandoned. *See Acadia Ins. Co. v. Hinds Cty. Sch. Dist.*, No. 3:12-CV-188-CWR-LRA, 2013 WL 2182799, at *5 (S.D. Miss. May 20, 2013). The same conclusion is true for the plaintiff's retaliation claim. Despite the defendant's detailed arguments regarding (lack of) exhaustion of this claim, the plaintiff failed to address whether and how this claim was properly exhausted before the EEOC.

Relatedly, the plaintiff's attempt to defend her age-based hostile work environment claim contains no evidence describing any age-based discrimination or hostile environment. The claim must be dismissed for lack of evidence indicating a genuine factual dispute.

Next are the plaintiff's race and sex discrimination claims. These fail the prima facie case because there is no evidence that the plaintiff was replaced by someone outside of her protected

class. The plaintiff's religious discrimination claim, meanwhile, cannot proceed because she has presented no evidence that she held a religious belief that conflicted with a requirement of her employment, as required by law. *E.g.*, *Davis v. Fort Bend Cty.*, 765 F.3d 480, 487 (5th Cir. 2014).

What remains is the plaintiff's cause of action for color discrimination in violation of Title VII.

> Color discrimination is expressly recognized by the statute, *see* 42 U.S.C. § 2000e–2, yet there is hardly any Fifth Circuit case law on point. Courts outside this Circuit that have considered claims of color discrimination have generally held that "color discrimination arises when the particular hue of the plaintiff's skin is the cause of the discrimination, such as in the case where a dark-colored African–American individual is discriminated against in favor of a light-colored African–American individual." . . . "Light-skinned blacks sometimes discriminate against dark-skinned blacks, and vice versa, and either form of discrimination is literally color discrimination."

*Taylor v. Texas S. Univ.*, No. 4:12-CV-1975, 2013 WL 5410073, at *8 (S.D. Tex. Sept. 25, 2013) (citations and brackets omitted).

Here, the plaintiff can meet the prima facie case because she was qualified for her job (having served in it successfully for several years), experienced an adverse employment action (termination), and was replaced by a person with a darker skin tone. *See Khalfani v. Balfour Beatty Communities, L.L.C.*, 595 F. App'x 363, 365 (5th Cir. 2014). The defendant has a legitimate non-discriminatory reason for the termination—failure to report possible sexual abuse of a resident—so the burden then shifts for the plaintiff to produce evidence that that reason was pretextual. "A plaintiff may establish pretext either through evidence of disparate treatment or by showing that the employer's proffered explanation is false or 'unworthy of credence.'" *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003) (citations omitted).

The defendant has persuasively shown a lack of evidence that persons in similar situations as the plaintiff were treated differently after engaging in the same alleged conduct. The

plaintiff, however, has responded with evidence that the explanation for her termination is unworthy of credence. Katherine Simmons testified that the possible abuse situation "was handled correctly" and that the plaintiff had "followed the rules." Docket No. 46-7 at 45-46. Another witness, meanwhile, testified that the plaintiff's supervisor "falls under the category where some black people, they do dislike the lighter-skin African Americans." Docket No. 46-3 at 16.

In situations such as this, where the formal legal standard has been satisfied, and motive and credibility have become the issues, the better course of action is to turn the dispute over to a jury rather than "risk resolving a dispute of fact in one party's favor." *Phillips v. MSM, Inc*, No. 3:12-CV-175, 2015 WL 420327, at *9 (S.D. Miss. Feb. 2, 2015) (citations omitted); *see also Firman v. Life Ins. Co. of N. Am.*, 684 F.3d 533, 538 (5th Cir. 2012) ("Even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that the better course would be to proceed to a full trial."); *Chaney v. Dreyfus Serv. Corp.*, 595 F.3d 219, 237 (5th Cir. 2010) (vacating summary judgment and sending "undoubtedly a close call" to the jury); *Bankston v. Hinds Cnty., Mississippi*, No. 3:15-CV-38, 2016 WL 1726125, at *4 n.3 (S.D. Miss. Apr. 29, 2016) (sending close call to trial). Accordingly, a jury should resolve the color discrimination claim.

The motion for summary judgment is granted in part and denied in part. The motion for a hearing is denied.

**SO ORDERED**, this the 12th day of July, 2021.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE
